**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **Lawrence and Lisa Rancour**<br>6234 Muirloch Ct. N.<br>Dublin, Ohio 43017<br><br>  Plaintiffs,<br><br>  vs.<br><br>**Land Home Financial Services, Inc.**<br>c/o Corporation Service Company<br>(Registered Agent)<br>1160 Dublin Road, Ste. 400<br>Columbus, Ohio 43215<br><br>  and<br><br>**PNC Bank, NA**<br>c/o Corporation Service Company<br>(Registered Agent)<br>1160 Dublin Road, Ste. 400<br>Columbus, Ohio 43215<br><br>  Defendants. | Case No: 2:26-CV-415<br><br>Judge:<br><br>**JURY DEMAND ENDORSED HEREIN** |

**COMPLAINT FOR MONEY DAMAGES AND DECLARATORY RELIEF**

The following allegations are based upon Plaintiffs' personal knowledge, the investigation of counsel, and information and belief. Plaintiffs, through counsel, allege as follows:

**I.  INTRODUCTION**

1.  Plaintiffs Lawrence Rancour ("Mr. Rancour") and Lisa Rancour (Mrs. Rancour") (collectively, "Plaintiffs") are a married couple who have long maintained their family residence at 6234 Muirloch Ct. N., Dublin, OH 43017 (the "Property"). This

1

action arises from a pattern of reckless loan handling and unsupported collection practices initiated by Defendants PNC Bank, NA ("PNC") and Land Home Financial Services, Inc. ("Land Home") (collectively, "Defendants"). Nearly two decades ago, in May of 2007, Plaintiffs entered into an open-end mortgage (the "Loan") with National City Bank ("NCB"). In 2008, NCB was absorbed by PNC, and NCB and/or PNC formally charged off the Loan debt on May 31, 2011, effectively ceasing active collection for over a decade. Despite the 14-year dormancy of this zombie debt, Defendant PNC, acting as the purported successor to NCB, abruptly resurrected the account in 2025. Without providing a verifiable accounting, PNC transferred the Loan's servicing to Land Home. Immediately upon receiving the account, Land Home issued a debt collection letter on July 3, 2025, which demanded the unsubstantiated sum of $95,706.59 from Plaintiffs. This demand lacked any supporting documentation of the claimed amount owed. By demanding these unsupported funds, Defendants forced Plaintiffs into a position of legal jeopardy, leveraging inaccurate data and stale claims. Plaintiffs have been left with no choice but to petition this Court for redress.

## II. PRELIMINARY STATEMENT

2. Plaintiffs institute this action for actual damages, statutory damages, punitive damages, attorney fees, and the costs of this action against Defendants for violations of the Real Estate Settlement Procedures Act ("RESPA"), the Ohio Residential Mortgage Lending Act ("RMLA"), Declaratory Relief, and Quiet Title.

### III.   JURISDICTION

3.   This Court has subject matter jurisdiction over Count One pursuant to RESPA, 12 U.S.C. § 2614, and 28 §§ U.S.C. 1331 and 1337.

4.   This Court has supplemental subject matter jurisdiction over Counts Two, Three, and Four pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 2201.

5.   This Court has personal jurisdiction over Defendants because Defendants transact business within this District, the loan at issue was incurred within this District, and the Property which was the subject of the loan at issue is located within this District.

6.   Venue is proper in accordance with 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district and the Property is located in this judicial district.

### IV.   PARTIES

10.   Plaintiffs are natural persons currently residing within this Court's jurisdiction at 6234 Muirloch Ct. N., Dublin, OH 43017.

11.   At all relevant times, Plaintiffs were and are a "person" within the meaning of RESPA at 12 U.S.C. § 2602(5).

12.   At all relevant times, Plaintiffs were and are a "borrower" within the meaning of RESPA.

13.   At all relevant times, Plaintiffs were and are a "borrower" within the meaning of the RMLA at O.R.C. § 1322.01(G).

14.   At all relevant times, Plaintiffs were and are a "buyer" within the meaning of the RMLA at O.R.C. § 1322.01(I) as the term "includes an individual whose mortgage loan is serviced by a mortgage servicer."

15. Defendant Land Home is a foreign corporation registered to do business in the State of Ohio.

16. Defendant PNC is a foreign corporation registered to do business in the State of Ohio.

17. At all relevant times, Defendants Land Home and PNC were and are a "person" within the meaning of RESPA, 12 U.S.C. § 2602(5).

18. At all relevant times, Defendants Land Home and PNC were and are a loan "servicer" of the subject "federally related mortgage loan" within the meaning of those terms in RESPA respectfully at 12 U.S.C. §§ 2605(i)(2) and 2602(1).

19. At all relevant times, Defendants Land Home and PNC were engaged in "servicing" within the meaning of RESPA, 12 U.S.C. § 2605(i)(3).

20. At all relevant times Defendant Land Home was and is a "mortgage servicer" within the meaning of the RMLA at O.R.C. § 1322.01(BB).

21. At all relevant times Defendant Land Home was and is a "person" within the meaning of the RMLA at O.R.C. § 1322.01(EE).

## V. FACTUAL ALLEGATIONS

22. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

23. Each action or inaction alleged herein against Defendants is also an allegation of action or inaction by Defendants' agents, predecessors, successors, employees, contractors, assignees, assignors, and servicers, as appropriate.

24. On or about May 25, 2007, Mr. Rancour entered into the Loan with NCB.

25. The Loan amount was for $190,000.00.

4

26. The Loan is secured by the Property.

27. Attached hereto as **Exhibit A** is a true and accurate copy of the Mortgage associated with the Loan ("Mortgage").

28. Moreover, on or about May 27, 2007, Plaintiffs executed a fixed rate consumer note and security agreement ("Note").

29. Attached hereto as **Exhibit B** is a true and accurate copy of the Note.

30. The Note reflects a principal balance of $190,000.00 and an interest rate of 9.125%.

31. The Mortgage was initially serviced by NCB.

32. In or about 2008, NCB was absorbed by PNC and PNC became the servicer of the Loan.

33. On or about May 31, 2011, the Loan was charged off by NCB or PNC.

34. On or about February 24, 2016, PNC sent Plaintiffs a debt collections letter alleging that, as of February 28, 2011, the Loan became delinquent and claimed a total amount due under the Loan of $174,702.76.

35. Also, on or about February 28, 2011, PNC accelerated the entire Loan balance.

36. On or about April 28, 2025, the Loan was officially assigned to PNC.

37. On or about June 30, 2025, the Loan's servicing was transferred from PNC to Land Home.

38. In or about July of 2025, Land Home sent Plaintiffs a debt collections letter alleging that Plaintiffs owed a total balance under the Loan in the amount of $95,706.59.

39. On or about November 5, 2025, Mr. Rancour, through counsel, sent Land Home a letter (the "Land Home Letter").

40. The Land Home Letter identified Plaintiffs, the Property address, and account number.

41. The Land Home Letter requested information pertaining to the Loan, including but not limited to, the following:

    a. A schedule of all transactions credited or debited to the Loan, including any escrow accounts and any suspense accounts;

    b. A complete payment history for the loan, including records of any attempted payments, rejected payments, or system notes reflecting Mr. Rancour's payments.

42. Plaintiffs incurred legal fees and costs associated with preparing and mailing the Land Home Letter.

43. On or about November 14, 2025, Land Home replied to the Land Home Letter.

44. However, in its reply, Land Home failed to provide a complete transaction history for the Loan.

45. Rather, Land Home provided a piece meal transaction history that did not include payment history for the Loan during multiple years and otherwise failed to substantiate the alleged amount due under the Loan.

46. On or about January 6, 2026, Mr. Rancour, through counsel, sent PNC a letter (the "PNC Letter").

47. The PNC Letter identified Plaintiffs, the Property address, and account number.

48. The PNC Letter requested information pertaining to the Loan, including but not limited to, the following:

6

    a.  A schedule of all transactions credited or debited to the Loan, including any escrow accounts and any suspense accounts; and

    b.  A complete payment history for the loan, including records of any attempted payments, rejected payments, or system notes reflecting Mr. Rancour's payments.

49. Plaintiffs incurred legal fees and costs associated with preparing and mailing the PNC Letter.

50. On or about January 20, 2026, PNC replied to the PNC Letter.

51. However, in its reply, PNC failed to provide a complete transaction history for the Loan.

52. Rather, PNC provided a piece meal transaction history that did not include payment history for the Loan during multiple years and otherwise failed to substantiate the alleged amount due under the Loan.

53. As a direct and proximate result of Defendants' actions, Plaintiffs suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

54. As a direct and proximate result of Defendants' actions, Plaintiffs incurred actual damages, including but not limited to, the costs associated with seeking information they were not provided.

**COUNT ONE – REAL ESTATE SETTLEMENT PROCEDURES ACT ("RESPA")**
**QUALIFIED WRITTEN REQUEST ("QWR")**

55. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

7

56.    The Land Home Letter is a "qualified written request" as that term is defined in 12 U.S.C. § 2605(e)(1)(B).

57.    The PNC Letter is a "qualified written request" as that term is defined in 12 § U.S.C. 2605(e)(1)(B).

58.    Defendants' actions defined herein constitute violations of RESPA, 12 U.S.C. § 2601, *et seq*.

59.    By failing to provide Plaintiffs with the information they requested in the Land Home Letter, Defendant Land Home violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

60.    By failing to provide Plaintiffs with the information they requested in the PNC Letter, Defendant PNC violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

61.    By failing to adequately respond to the Land Home Letter, Defendant Land Home violated RESPA, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35-36.

62.    By failing to adequately respond to the PNC Letter, Defendant PNC violated RESPA, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35-36.

63.    By failing to provide Plaintiffs with the information they requested in the Land Home Letter, Defendant Land Home violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

64.    By failing to provide Plaintiffs with the information they requested in the PNC Letter, Defendant PNC violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e) and 12 C.F.R. § 1024.36(d).

65. By failing to conduct an investigation after receiving the Land Home Letter, Defendant Land Home violated RESPA, including 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.35(e).

66. By failing to conduct an investigation after receiving the PNC Letter, Defendant PNC violated RESPA, including 12 U.S.C. § 2605(e)(2)(B) and 12 C.F.R. § 1024.35(e).

67. By failing to provide Plaintiffs with an adequate explanation or clarification about why Defendant Land Home could not provide the information requested in the Land Home Letter, Defendant Land Home violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e)(2)(C) and 12 C.F.R. § 1024.36(d).

68. By failing to provide Plaintiffs with an adequate explanation or clarification about why Defendant PNC could not provide the information requested in the PNC Letter, Defendant PNC violated RESPA and Regulation X, including pursuant to 12 U.S.C. § 2605(e)(2)(C) and 12 C.F.R. § 1024.36(d).

69. As a result of Defendants' actions, Plaintiffs suffered emotional distress, including but not limited to sleepless nights, excessive stress, and anxiety.

70. As a result of Defendants' actions, Plaintiffs incurred actual damages, including but not limited to, all costs and expenses associated with preparing and sending the Land Home and PNC Letters.

71. Defendants have engaged in a pattern or practice of non-compliance with the requirement of the mortgage servicer provisions of RESPA, including those as set forth in 12 U.S.C. § 2605 and Regulations X at 12 C.F.R. § 1024.36(d).

72. Defendants are liable to Plaintiffs for damages, including but not limited to, their actual damages to be determined at trial, including pursuant to 12 U.S.C. § 2605(f)(1)(a), statutory damages in an amount of at least $2,000.00 for each violation, including pursuant to 12 U.S.C. § 2605(f)(1)(B), the cost of this action and attorney fees, including pursuant to 12 U.S.C. § 2605(f)(3), and other relief as this Court deems just and necessary.

## COUNT TWO – DECLARATORY RELIEF

73. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

74. A justiciable controversy exists whereby Defendants claim rights to enforce the Loan.

75. A justiciable controversy exists as to what amount, if any, Defendants can claim is due and owning on the Loan.

76. Speedy relief is necessary to preserve the rights of the parties.

77. Declaratory relief from this Court will terminate the dispute and controversy.

78. Plaintiffs are entitled to declaratory judgment barring Defendant from demanding, asserting, or otherwise seeking to recover any principal, interest, costs, fees, and charges they allege are due and owing under the Loan because Defendants are unable to substantiate any amount(s) due from Plaintiffs under the Loan.

## COUNT THREE – QUIET TITLE

79. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

80. Plaintiffs are the owners of the Property.

10

81. Plaintiffs are persons in possession of the Property pursuant to O.R.C. § 5303.01.

82. Defendants may claim an interest, lien, or estate in the Property that is adverse to Plaintiffs by virtue of the Loan.

83. Any interest, lien, or estate in the Property claimed by Defendants is barred by the reasons discussed in this Complaint.

84. Defendants' failure to release the Loan creates a cloud on Plaintiffs' title to the Property.

85. Any further action to enforce the Loan is barred for reasons stated in this Complaint.

86. Plaintiffs seek declaratory relief on any lien by virtue of the Loan and quieting title in accordance with O.R.C § 5303.01 with respect to this debt.

87. Plaintiffs are entitled to an order from this Court quieting the title to the Property in Plaintiffs' favor as to any lien of Defendants or its predecessors or successors and the recording of such an order with the Franklin County Ohio Recorder's Office.

### COUNT FOUR – OHIO RESIDENTIAL MORTGAGE LENDING ACT ("RMLA") AGAINST DEFENDANT LAND HOME

88. Plaintiffs incorporate all other paragraphs in this Complaint by reference as though fully written here.

89. At all relevant times, Defendant Land Home was and is subject to the RMLA, O.R.C. § 1322.01, *et seq.*

90. Defendant Land Home's actions discussed herein violate the RMLA at O.R.C. § 1322.01, *et seq.*

91. By making false and misleading material statements, Defendant Land Home violated the RMLA, including pursuant to O.R.C. 1322.40.

92. By engaging in conduct that constitutes improper, fraudulent or dishonest dealings, Defendant Land Home violated the RMLA, including pursuant to O.R.C. § 1322.40(C).

93. As a result of Defendant Land Home's actions, Plaintiffs incurred actual damages, including but not limited to all costs associated with preparing and sending the Land Home Letter.

94. Defendant Land Home is liable to Plaintiffs for damages, including but not limited to, their actual damages to be determined at trial, including pursuant to O.R.C. § 1322.52(A)(1)-(2), punitive damages, including pursuant to O.R.C. § 1322.52(A)(3), the cost of this action and attorney fees, including pursuant to O.R.C. § 1322.52(A)(2), and other relief as this Court deems just and necessary.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray this Court grant them the following against Defendants:

A. Assume jurisdiction of this case;

B. Award Plaintiffs their maximum damages on all Counts, including the maximum statutory damages available, the maximum economic and non-economic damages available, including actual, emotional, general, punitive, and other damages;

C. Award Plaintiffs actual damages to be established at trial, including pursuant to 12 U.S.C. § 2605 and O.R.C. § 1322.52;

D. Award Plaintiffs statutory damages in the amount of at least $2,000.00, including pursuant to 12 U.S.C. § 2605;

E.  Award Plaintiffs attorney fees and costs of this action including pursuant to 12 U.S.C. § 2605 and O.R.C. § 1322.52;

F.  Issue a judicial determination of the rights and responsibilities of the parties;

G.  Issue an order prohibiting Defendants, or their predecessors or successors, from bringing any future action to enforce the Loan;

H.  Quiet title as to any liens or claims against the Property by Defendants or their predecessors or successors;

I.  Issue an order determining the interest of the parties, mandating the Clerk of Courts to file said order with the Franklin County Ohio Recorder's Office, and taxing the costs of this filing to Defendants;

J.  Award Plaintiffs additional damages and costs; and

K.  Award such other relief as this Court deems appropriate.

Dated: April 6, 2026

Respectfully Submitted,
KOHL & COOK LAW FIRM, LLC

*/s/ Caleb J. Johnson*
Caleb J. Johnson (0102085)
Timothy J. Cook (0093538)
438 E. Wilson Bridge Rd, Ste 200
Worthington, OH  43085
PH: (614) 763-5421
Fax: (937) 813-6057
caleb@kohlcook.com
andrew@kohlcook.com
*Attorneys for Plaintiffs*

13

## JURY TRIAL DEMANDED

The Plaintiffs respectfully request a jury trial on all triable issues.

*/s/ Caleb J. Johnson*
Caleb J. Johnson (0102085)
*Attorney for Plaintiffs*
